FILED
SEP 3 0 2015

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ERIC CASTANEIRA, | \* | CIV 10-4039 |
| Plaintiff, | \* | |
| vs. | \* | MEMORANDUM OPINION AND ORDER DENYING MOTION TO MODIFY INJUNCTION |
| MIDLAND NATIONAL LIFE INSURANCE COMPANY, et al., | \* | |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending before the Court is Plaintiff Eric Castaneira's motion to modify the injunction in this case. (Doc. 148.) For the following reasons, the motion will be denied.

## BACKGROUND

Plaintiff Eric Castaneira filed this lawsuit on April 16, 2010, alleging that Defendants breached a Mutual Release signed by the parties on December 30, 2003, and seeking damages from Midland National Life Insurance Company (Midland National) as a result of the breach. Midland National answered and filed its counterclaims on July 23, 2010. On August 31, 2010, Midland National filed a motion for a temporary restraining order and a motion for preliminary injunction requesting an order requiring that Castaneira de-publish web-based publications and postings disparaging Midland National and its representatives in furtherance of his extortion campaign. The temporary restraining order was entered, and the Court later granted the preliminary injunction. On November 9, 2011, a default judgment and permanent injunction were entered requiring Castaneira to refrain from further disparagement of Midland National after finding, among other things:

> that Castaneira's demand for the payment of over $500,000 in cash and loans in exchange for shutting down his website and ending his other activities detrimental and disparaging to Midland National was extortion, rather than an innocent settlement demand. The Court finds that Castaneira expressly linked the promised shutdown of the site and the cessation of disparaging activities to the demand for monetary payments.
> The Court finds that there is no adequate remedy at law for the harm being inflicted on Midland National and its agents as a result of Castaneira's disparagement

and extortion. The Court finds that although Midland National's agents are not parties to this action, the harm inflicted on these agents ultimately causes irreparable harm to Midland National as well. The damages resulting from the impaired good will, reputation, agent relationships, and customer relationships resulting from Castaneira's disparagement and extortion cannot possibly be quantified fully, and represents both actual and threatened irreparable harm.

The Court finds that there is no harm to Castaneira in granting the Order for a Permanent Injunction that is entitled to the protection of the law. Although Castaneira normally would have the right to engage in free speech that disparaged Midland National, so long as such speech was truthful, the Court finds that once Castaneira coupled his criticisms and disparagement of Midland National with his extortionate demands for the forfeiture of agent contracts and the payment of cash, Castaneira forfeited his right to engage in such otherwise protected speech. The Court finds that extortionate speech enjoys no Constitutional protection. Thus, when balancing the legitimate interests of Midland National and its agents from being free from extortion against the absence of any protected interest in engaging in extortionate conduct, a permanent injunction is properly granted.

The Court finds that there is a strong public interest in the exercise of free speech, and concludes that injunctions preventing speech must not improperly infringe on the right to free speech. The Court nonetheless concludes that there is no Constitutional right to engage in extortionate speech, regardless of the truth or falsity of the speech, and regardless whether such speech would otherwise be Constitutionally protected if not coupled with an extortionate demand for money and other things of value. On balance, the Court finds that Castaneira has forfeited his right to state his facts and opinions concerning Midland National because he has coupled the communication of those facts and opinions with extortionate demands.

(Doc. 80, Default Judgment and Permanent Injunction at 3-4.)

Eventually, Castaneira was held in contempt of court pursuant to 18 U.S.C. § 401 for his continued, willful, inexcusable and bad faith violations of multiple orders. On September 24, 2013, Midland Life moved to enforce the civil contempt order. A hearing was held and Castaneira was ordered to self-surrender to the Marshals' office to serve a term of imprisonment until he purged himself of the civil contempt. (Doc. 128.) The surrender date was extended to December 2, 2013. (Doc. 129.) Attorney James E. McMahon filed Notice of Appearance on Castaneira's behalf on December 3, 2013. The parties began negotiations and an order granting Castaneira's conditional release was entered on December 12, 2013. (Doc. 140.) A joint motion purging Castaneira of contempt was filed, and an order granting the motion was entered on October 29, 2014.

Less than two months after he was purged of his contempt of court, Plaintiff filed the current motion to modify the injunction. (Doc. 148.) In the motion, Plaintiff says that, during the earlier proceedings, Defendants intimidated and coerced Plaintiff into abdicating his rights. Thus, according to Castaneira, the Court should modify the injunction and allow him to maintain a website describing Midland National's behavior within reasonable limitations.

## DISCUSSION

The Court construes Castaneira's motion as a motion under Federal Rule of Civil Procedure 60(b). Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment and to request reopening a case under a limited set of circumstances including fraud, mistake, and newly discovered evidence.

Castaneira's Rule 60(b) motion appears to fall under subsection (3)—"fraud, misrepresentation, or misconduct by an opposing party"—in that Castaneira argues Defendants coerced and intimidated him into abdicating his rights in the earlier proceedings. Motions pursuant to Rule 60(b)(3) must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1). Castaneira filed his motion over three years after entry of the default judgment and permanent injunction. Castaneira's motion must be denied as untimely. *Id.*; *see also Lester v. Empire Fire & Marine Ins. Co.*, 653 F.2d 353, 354 (8th Cir. 1981) (motion based on fraud was time-barred).

Rule 60(b)(5) allows the court to modify an injunction when changed circumstances have caused it to be unjust. But this requires a showing of a "significant change in either the factual or the legal landscape warranting relief from the injunction," *Keith v. Mullins*, 162 F.3d 539, 541 (8th Cir. 1998), and Castaneira has failed to make such a showing. In fact, he is relying on the circumstances that existed at the time of entry of judgment– not on changed circumstances. Castaneira was represented by an excellent lawyer during the proceedings beginning on December 3, 2013, and he could have asked his lawyer to raise these issues, but he did not. The Court only allowed Castaneira's release from prison under certain conditions, including that he either issue a letter of apology or explain, "with supporting evidence" why he should not be required to submit the

-3-

apology. (Doc. 140.) Castaneira had two months to confer with his lawyer and come forward with any evidence of misconduct by Midland National, and he did not. Castaneira admits that the circumstances he relies on to modify the injunction existed at the time the judgment was entered. Thus the circumstances cannot justify modifying the injunction under Rule 60(b)(5).

Relief is also not warranted under Rule 60(b)(6), which permits the court to relieve a party from a final judgment or order for "any other reason that justifies relief." The Eighth Circuit has described Rule 60(b)(6) as "an extraordinary remedy" for "exceptional circumstances." *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989). The Court has carefully reviewed all of Castaneira's filings and, although this case involves unusual facts, Castaneira has failed to convince the Court that an exceptional circumstance exists which justifies the extraordinary remedy of relief from the permanent injunction entered by this Court on November 9, 2011. Accordingly,

    IT IS ORDERED that the Motion for the Court to Order Sua Sponte a hearing to Modify Injunction, doc. 148, is denied.

Dated this 30th day of September, 2015.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk
By *[signature]*, Deputy

-4-